IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LISA A. HAMMOCK, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-18-326-KEW
 )
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
 )
       Defendant. )

**OPINION AND ORDER**

    This matter comes before the Court on Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #25). By Opinion and Order entered March 27, 2020, this Court reversed the decision of the Commissioner to deny Claimant's application for disability insurance benefits and widow's insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

    In the Application, Claimant seeks attorney's fees for 31.3 hours of time expended by her attorney at the stipulated fee rate and 1.4 hours in paralegal time for a total request of $6,546.30 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending his position in the underlying case was substantially justified.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that his position was substantially justified. <u>Hadden v. Bowen</u>, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if his position is incorrect, his case had a reasonable basis in law and in fact. <u>Id</u>. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . ." <u>Id</u>. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner contends the ALJ's evaluation of the opinion of Claimant's treating physician Dr. Victoria Pardue was substantially justified because "a reasonable person could agree" with the weight afforded the

2

opinion by the ALJ, and the record as a whole provided support for the ALJ's evaluation of the opinion. As stated in this Court's Opinion and Order, the ALJ assigned "partial" weight to Dr. Pardue's opinions and determined her limitations were "more restrictive" than what was supported by the objective medical evidence in the treatment records. However, the ALJ failed to identify the inconsistencies between Dr. Pardue's opinions and the evidence of record and failed to discuss which of Dr. Pardue's opinions were given some weight and which portions were given little if any weight. Even if there is evidence in the record supporting the ALJ's consideration of Dr. Pardue's opinions, the ALJ must follow the legal standards to properly consider a treating physician's opinion, and this Court will not perform a *post hoc* analysis of the evidence to support the ALJ's determination. Thus, this Court cannot conclude that the ALJ's position in this regard is substantially justified.

Claimant also filed a Supplemental Application for payment of attorney's fees associated with the preparation of a reply to the original Application and the Supplemental Application. Claimant requests compensation for an additional 5.2 hours of legal work ($1,066.00) for a total modified request of $7,612.30. Since the Defendant did not object to the reasonableness of the supplemental

fee request, the additional fees will be awarded.

IT IS THEREFORE ORDERED that Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #25) and Plaintiff's Supplemental Application for Award of Attorney's Fees (Docket Entry #28) are hereby **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $7,612.30.

In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 8th day of October, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE